# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: July 9, 2015)

| | |
|---|---|
| * * * * * * * * * * * * * *  | **UNPUBLISHED** |
| NORMAN REED, * | |
| * | No. 15-18 |
| Petitioner, * | |
| * | Special Master Hamilton-Fieldman |
| v. * | |
| * | Voluntary dismissal under |
| SECRETARY OF HEALTH * | Vaccine Rule 21(a). |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

<u>Catherine D. Bertram,</u> Williams Bertram PLLC, Washington, DC, for Petitioner.
<u>Lara A. Englund,</u> United States Department of Justice, Washington, DC, for Respondent.

### ORDER CONCLUDING PROCEEDINGS[1]

On January 7, 2015, Norman Reed ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that a trivalent influenza ("flu") vaccine, possibly in combination with the Tetanus, Diphtheria, and Pertussis ("Tdap") vaccination, administered on October 5, 2011 caused him to suffer from Guillain-Barré Syndrome ("GBS").

On July 7, 2015, the parties filed a Joint Stipulation of Dismissal, stating the parties give notice of Petitioner's voluntary dismissal pursuant to Vaccine Rule 21(a).

Accordingly, pursuant to Vaccine Rule 21(a), the above-captioned case is hereby **dismissed**. The Clerk of Court is hereby instructed that a **judgment shall not enter** in the instant case pursuant to Vaccine Rule 21(a).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

## CONCLUSION

Proceedings are concluded in this case.

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master
